UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH JONES,<br>*as next friend of her minor child*<br>*"Jimmy," on behalf of herself and*<br>*all others similarly situated*;<br><br>and<br><br>JOHN SMITH and JANE SMITH,<br>*as next friends of their minor child*<br>*"Timmy," on behalf of themselves and all*<br>*others similarly situated;*<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MASSACHUSETTS INTERSCHOLASTIC<br>ATHLETIC ASSOCIATION,<br><br>　　　　Defendant. | Civil Action No.: 1:22-cv-11426-AK |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' ASSENTED-TO MOTION TO PROCEED PSEUDONYMOUSLY**

SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
Tel: 617.338.2800
Fax: 617.338.2880

and

PIONEERLEGAL, LLC
185 Devonshire Street
Boston, MA 02110
M: 617 877 9511

*Attorneys for Plaintiffs*

In accordance with the Court's Order dated October 11, 2022 [Docket No. 26] (the "Order"), with the assent of the Defendant, Plaintiffs seek leave to proceed pseudonymously in this case to protect the identities of the minor children in whose names this action is brought. In support thereof, Plaintiffs incorporate herein their First Amended Verified Complaint [Docket No. 4-1] (as verified by each of the Plaintiff parents) and the contemporaneously filed Affidavits of their minor children "Jimmy" and "Timmy," whose real identities are being provided to the Court under seal.

## INTRODUCTION

This is an action brought by parents on behalf of their minor children who have been prohibited from participating in interscholastic athletics by virtue of Defendant MIAA's recent change to its Rule 51. Each of the minor children here suffer from various developmental issues, learning disabilities, and/or mental health diagnoses. To accommodate their needs, they each attend (and have thrived in) virtual school at The Education Cooperative Connections Academy ("TECCA"), a statewide online public school in Massachusetts that serves students in grades K-12. In July of this year, MIAA changed its rules to prohibit students at a statewide virtual school (like TECCA) from applying for or receiving waivers to allow them to join the sports teams of the public schools in their home districts. As such, both children are unable to play the sports that they love and that provide them important health benefits. Their parents brought this action on their behalf to renew their ability to rejoin their respective sports teams.

In light of the various health and educational issues that the children suffer, Plaintiffs originally moved to proceed pseudonymously when first bringing this action in state court to protect their children from being unduly thrust into the public eye. Those motions were granted temporarily on an *ex parte* basis, setting up the relief requested herein. In order to protect the

privacy of their minor children suffering from health and educational issues, Plaintiffs now seek leave to proceed pseudonymously. Defendant assents to the relief sought herein.

## FACTS

### *The Smiths*

Timmy is 16 years old and suffers from a social anxiety disorder and sensory integration dysfunction (meaning he cannot process properly though his senses, such as hearing and smell). Affidavit of Timmy ¶¶ 2 and 6. Although Timmy attended public school through 6th grade, he was routinely bullied and suffered intolerable experiences at school. *Id.* ¶ 7. As a result, Timmy transferred to TECCA for 7th grade in 2019. *Id.* ¶ 8.

Timmy has thrived at TECCA, finding academic success year after year as he now begins his fourth straight year at TECCA for 10th grade. *Id*. ¶ 9. He has made substantial strides in overcoming the psychological harm inflicted by bullies at his prior school, and has found his place at TECCA, while still enjoying the benefits of playing soccer for his local school's team. *Id*.

During all three of his prior years at TECCA, Timmy sought out and received an MIAA waiver to play soccer with the public school teams. *Id.* ¶ 10. He loved the experience, and his parents strongly believe that his health benefits from playing on the soccer team. *Id.*

Timmy now wants to play for the local high school soccer team. *Id.* He cannot. *Id.* Timmy's continued exclusion from the soccer team is causing serious psychological harm to him, including exacerbation of his social anxiety disorder and disproportionate harm to his self-esteem. *Id.* ¶ 12. Timmy would struggle to go back to public school based on his health issues and the debilitating psychological harm suffered from relentless bullying last time he attended in-person classes. *Id.* ¶ 13.

Timmy is distressed to know that sensitive information about his health and educational requirements may end up in the public record, and may become available to friends, strangers, potential future colleges, and even future employers. *Id.* ¶ 14. It is very important to his mental health that he be allowed to proceed pseudonymously in this litigation. *Id.*

***Jimmy Enrolls at TECCA***

Jimmy is 17 years old. Affidavit of Jimmy ¶ 2. He was born in 2005 in the Russian Federation. *Id.* ¶ 6. Sarah adopted Jimmy when he was eighteen months old. *Id.* When Sarah adopted him, there were signs that Jimmy had been neglected and/or malnourished as an infant in Russia. *Id.* ¶ 7. As a result, Jimmy has had lifelong learning challenges related to organization and processing, including while attending Duxbury public schools through 9th grade. *Id.* ¶ 8.

Jimmy is a prolific youth hockey player whose achievements and talent have him in line to be recruited at the highest level of collegiate hockey, and very possibly professional hockey as well. *Id.* ¶ 9. Jimmy's club hockey schedule is extraordinarily demanding, and involves considerable travel. *Id.* ¶ 10. Jimmy cannot realistically attend a traditional school schedule. *Id.*

Jimmy enrolled at TECCA in the Fall of 2021. *Id.* ¶ 11. TECCA addresses the two most important objectives in Jimmy's life. *Id.* ¶ 12. First and foremost, TECCA addresses Jimmy's educational needs. *Id.* Jimmy is an intelligent and motivated student, who has challenges related to organization and processing likely related to his life as an infant in Russia. *Id.* ¶ 8. Second, TECCA's virtual platform makes Jimmy's hockey dreams possible for the scheduling reasons noted above. *Id.* ¶ 12. It is the key to his future.

Jimmy is distressed to know that sensitive information about his health and educational requirements may end up in the public record, and may become available to friends, strangers,

potential future colleges, and even future employers. *Id.* ¶ 17. It is very important to his mental health that he be allowed to proceed pseudonymously in this litigation. *Id.*

***Procedural History***

This action was filed in the Superior Court, Norfolk County, on August 24, 2022, with a First Amended Verified Complaint filed on August 30, 2022. Docket No. 1-1; Docket No. 4-1. The Superior Court temporarily granted *ex parte* motions to proceed pseudonymously and to impound the affidavits of the minor children, Jimmy and Timmy, on August 24, 2022 and September 1, 2022, respectively. Docket 1-1 at 64, 69, 101, 108. Those motions remained in effect as of September 6, 2022 when Defendant MIAA removed the action to this Court. Docket No. 1. The Court entered the Order on October 11, 2022 requiring a new motion to proceed pseudonymously in order to maintain pseudonymity among the Plaintiffs and their minor children. Docket No. 26.

## ARGUMENT

**I.    Standard for Proceeding Pseudonymously.**

As set forth in the Court's Order, the First Circuit recently gave extensive consideration to the question of when a party may proceed pseudonymously. Order at 2; *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 67-77 (1st Cir. 2022). In so doing, the First Circuit concluded that a "district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant considerations into account." *Doe*, 46 F.4th at 72. To assist with that balancing test, the First Circuit noted four general categories of cases in which party anonymity ordinarily will be warranted. *Id.* at 71. These categories are:

> (1) Cases where a would-be Doe who reasonably fears that coming out from the shadows will cause him unusually severe harm (ether physical or psychological);

    (2) Cases in which identifying the would-be Doe would harm innocent non-parties;

    (3) Cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and

    (4) Cases that are bound up with a prior proceeding made confidential by law, where denying anonymity in the new suit would significantly undermine the interests served by that confidentiality.

*Id.* at 71-72. The *Doe* opinion further noted that such categories "are rough cuts, and it is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated." *Id.* at 72. Because such categories are framed in generalities, the Court enjoys broad discretion to determine the need for anonymity in a given case. *Id.* at 72.

**II.**    **Plaintiffs Should be Permitted to Proceed Pseudonymously Based on the First and Second Categories.**

Protecting the identities of minors in litigation is already procedurally built in to Fed. R. Civ. P. 5.2(b) (Privacy Protection for Filings Made with the Court), which requires substituting a minor's initials for the minor's name in any filing with this Court.[1] The Rule clearly exists as a means to protect minors from being associated with civil actions, regardless of the nature of the case. To keep the Rule from being toothless, a parent filing on behalf of a minor child must be permitted to protect their own identity, lest the simple connection is drawn between parent and child based on other public records. Indeed, the *Doe* decision favorably cited a Texas decision in the context of the second category where the decision granted pseudonym status to parents in

---

[1] Plaintiffs ask that as part of its order on this motion the Court permit the parties to continue using the pseudonyms for the minor children previously established in the Superior Court prior to removal. This is simply a means of convenience in keeping the children identified as they have been in the record, rather than switching over now to using their initials in future pleadings.

litigation involving their minor child. *Doe*, 46 F.4th at 71 (citing *Doe v. Eason*, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999)).

      Here, Plaintiffs are seeking the same pseudonym status for the Plaintiff parents in order to protect the identity of their minor children on whose behalf they brought this action. That alone is sufficient to satisfy the second category of *Doe*, and is even stronger when considered in conjunction with the first category. As set forth in the accompanying affidavits, each of the minor children in this case have various developmental deficiencies and/or mental health issues which have led them to seek the virtual education accommodations offered by TECCA. They are each rightfully distressed by the idea of putting such sensitive information about their health and educational requirements in the public record, risking exposure of such information to peers, strangers, potential colleges that they may apply to, and even future employers running public records background searches. These are reasonable fears, considered within the exacerbated emotional state of youth, that stand to cause the children unusually severe psychological harm. The privacy interests of these children in light of such concerns weigh more heavily than the general public interest in identifying litigants by their real names. Pseudonymity is therefore appropriate here to protect the well-being of these children.

## CONCLUSION

      For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs and their minor children to proceed pseudonymously using the pseudonyms set forth in the First Amended Verified Complaint.

Dated:  October 13, 2022

Respectfully submitted,

Sarah JONES, as next friend of her minor child "Jimmy," on behalf of herself and all others similarly situated, and John SMITH and Jane SMITH, as next friends of their minor child "Timmy," on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ *Nicholas M. O'Donnell*
Nicholas M. O'Donnell (BBO #657950)
*nodonnell@sullivanlaw.com*
Patrick P. Dinardo (BBO# 125250)
*pdinardo@sullivanlaw.com*
Ryan M. Rosenblatt (BBO# 698490)
*rrosenblatt@sullivanlaw.com*
Anna Lea Setz (*pro hac vice forthcoming*)
*asetz@sullivanlaw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA  02109
Tel: 617.338.2800
Fax: 617.338.2880

and

Frank J. Bailey (BBO # 026485)
President
PIONEERLEGAL, LLC
185 Devonshire Street
Boston, MA 02110
M: 617 877 9511
Frank.bailey@pioneerlegal.org

**CERTIFICATE OF SERVICE**

I, Nicholas M. O'Donnell, certify that on October 13, 2022, I caused the foregoing document to be filed through the Court's ECF system, which will cause copies of the document to be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Defendant's counsel.

/s/ *Nicholas M. O'Donnell*
Nicholas M. O'Donnell